UNITED STATES DISTRICT COURT  #16(12/1 hrg off)
CENTRAL DISTRICT OF CALIFORNIA
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-4044 PSG (PLAx) | Date | November 21, 2014 |
|---|---|---|---|
| Title | U.S. Colo, LLC v. Coresite One Wilshire, *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**   Order GRANTING Plaintiff's Motion to Remand.

     Before the Court is Plaintiff U.S. Colo, LLC's ("Plaintiff") motion to remand to state court. *See* Dkt. # 16. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving, opposing, and reply papers, the Court GRANTS the motion.

I.    Background

     Plaintiff initially filed its case against Defendant Coresite One Wilshire, L.L.C. ("Defendant") in this Court, but later dismissed the action and refiled in Los Angeles County Superior Court on April 7, 2014, asserting claims for (1) declaratory relief; (2) breach of license agreement; (3) unfair competition under California Business & Professions Code § 17200, *et. seq.*; (4) interference with contractual relations; and (5) interference with prospective economic advantage. *Compl.* ¶¶ 46-87; *Notice of Removal*, Ex. 1-2. Plaintiff's unfair competition claim alleged unlawful monopolization under the Sherman Antitrust Act, 15 U.S.C. § 2. *See Remand Mot.* 3:13-17. Accordingly, Defendant filed a notice of removal on May 27, 2014. *See* Dkt. # 1.

     On June 3, 2014, Defendant filed a motion to dismiss Plaintiff's claims for unfair competition, interference with contractual relations, and interference with prospective economic advantage. *See* Dkt. # 8; *Dismissal Mot.* 5:9-18:21. The Court granted Defendant's motion to dismiss with leave to amend, ordering that if Plaintiff failed to file an amended complaint by August 22, 2014, the causes of action discussed above would be dismissed with prejudice. Dkt. # 12. Plaintiff did not file an amended complaint; and thus, its unfair competition claim – the only claim raising a potential federal question in this action – has been dismissed. *See Remand Mot.* 3:26-4:5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-4044 PSG (PLAx) | Date | November 21, 2014 |
|---|---|---|---|
| Title | U.S. Colo, LLC v. Coresite One Wilshire, *et al.* | | |

On September 2, 4, 6, and 11, 2014, Plaintiff's counsel contacted Defendant, seeking a stipulation to remand the case to Los Angeles Superior Court. *See Remand Mot.* 4:6-8; *Wray Decl.* ¶ 3. Plaintiff, however, was unable to speak with Defendant's lead attorney until September 17, 2014, because the attorney was traveling in Asia. *Id.* On that date, Defendant's attorney, Christopher Whittaker, informed Plaintiff's counsel that Defendant would not stipulate to remand the case to state court. *See Remand Mot.* 4:14-16; *Wray Decl.* ¶ 3.

Now before the Court is Plaintiffs' motion to remand the action to the Superior Court of the State of California for the County of Los Angeles. *See* Dkt. # 16. Plaintiff requests that the Court exercise its discretion to remand this case because the only federal claim in this case has been dismissed, and doing so would serve the interests of judicial economy, convenience, fairness, and comity. *See Remand Mot.* 4:19-7:24.

II.   Legal Standard

A court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" *Id.* § 1367(c)(3). Whether to retain jurisdiction or remand a case after a court grants a motion to dismiss every claim over which it had original jurisdiction is "purely discretionary." *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 635 (2009); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

When determining whether to retain supplemental jurisdiction over state law claims, the court's decision to remand "is dependent upon what will best accommodate the values of economy, convenience, fairness, and comity." *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) (internal quotations and citations omitted). The Supreme Court and the Ninth Circuit have counseled, however, "that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988); *see Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) ("[S]tate law claims *should* be dismissed if federal claims are dismissed before trial.") (internal quotations and citations omitted).

III.   Discussion

Both parties agree that the Court has the discretion to retain jurisdiction over this action or remand it to state court. *See Remand Mot.* 4:19-5:10; *Opp.* 2:7-3:10. The Court now considers whether the factors of "economy, convenience, fairness, and comity" weigh in favor of remand. *See Harrell*, 934 F.2d at 205.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-4044 PSG (PLAx) | Date | November 21, 2014 |
|---|---|---|---|
| Title | U.S. Colo, LLC v. Coresite One Wilshire, *et al.* | | |

Plaintiff contends that judicial economy would be served by remanding this case to state court for four reasons: (1) Defendant only filed its answer three weeks ago; (2) this Court has not yet undertaken any substantive legal analysis that would need to be duplicated in state court; (3) no discovery has taken place; and (4) the only federal claim in this action dropped out of the case in its early stages. *See Remand Mot.* 6:3-11. Defendant, however, argues that the case should remain in this Court because the case has been pending for nine months, discovery has begun, and there is a possibility that Plaintiff might assert new federal claims against new parties – making the case removable again. *See Opp.* 3:12-5-17. The Court does not find Defendant's argument compelling. Although the case has been pending for nine months, the only discovery and case activity Defendant references as making the action inappropriate for remand include a set of discovery requests, and an initial production of documents – both of which are actions Defendant took after Plaintiff filed the present motion. *See Reply* 2:25-3:15; *Wray Decl.* ¶¶ 7-11. Moreover, the sheer possibility that Plaintiff may assert new federal claims does not tip the scales in favor of Defendant. Because the Court has not performed any substantive legal analysis on Plaintiff's remaining claims that will need to be duplicated or re-done by the state court, the factor of judicial economy weighs in favor of remand. *See Millar v. Bay Area Rapid Transit Dist.*, 236 F. Supp. 2d 1110, 1119 (N.D. Cal. 2002).

Comity also weighs in favor of remand. Now that Defendant has successfully dismissed the only federal claim in this action, only two state common law claims remain. *Remand Mot.* 7:7-9. These claims are for breach of a license agreement and declaratory relief. *Id.* 7:11-13. Defendant is correct that the remaining claims are not complicated issues of California law, *see Opp.* 7:13-27; however, state claims are not required to be complicated or novel to implicate concerns of comity. *See Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1210 (C.D. Cal. 2013) ("Because only state law claims remain, moreover, they clearly predominate over any federal issues . . . principles of comity also suggest that remand is appropriate.") (citations omitted). Further, even before the unfair competition claim was dismissed, Plaintiff's state law claims predominated. *See Remand Mem.* 7:9-11. This provides additional support for remanding this case to state court. *See Horne*, 969 F. Supp. 2d at 1210 (citing *Gibbs*, 383 U.S. at 726-27). For these reasons, the Court finds that comity concerns support remanding this case to state court.

Fairness does not weigh heavily in either direction. Both parties have accused each other of forum shopping. *See Remand Mot.* 6:16-28; *Opp.* 6:4-27; *Reply* 4:7-20. However, neither party's argument holds weight. "[T]he Court is permitted to consider obvious efforts to forum shop when ruling on a motion to remand." *Millar*, 236 F. Supp. 2d at 1120 (citing *Carnegie-Mellon*, 484 U.S. at 357). Although both parties are strategically advocating for different forums, neither party has obviously engaged in forum shopping here. *See In re Paoli R.R. Yard Pcb Litig.*, 35 F.3d 717, 738 (3d Cir. 1994) (finding plaintiff was forum shopping and affirming

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-4044 PSG (PLAx) | | Date | November 21, 2014 |
|---|---|---|---|---|
| Title | U.S. Colo, LLC v. Coresite One Wilshire, *et al.* | | | |

district court's decision to retain jurisdiction where plaintiffs filed their claims in federal court, and then voluntarily dismissed their own federal claims to support a remand to state court after receiving an unfavorable summary judgment ruling). Unlike in *Paoli*, Plaintiff did not – with improper motive – voluntarily dismiss its own claim so that it could change forums. Moreover, Defendant cannot be punished on fairness grounds for properly removing a case to federal court and then moving to dismiss Plaintiff's claims. Accordingly, fairness does not weigh heavily in either party's favor.

Finally, convenience also does not cut strongly either way. Both forums are equally convenient to the parties because both the federal and state courts are located in Los Angeles. *Remand Mot.* 6:12-6:15; *see Millar*, 236 F. Supp. 2d at 1120 ("Both forums are equally convenient to the parties because both the federal forum and the state forum in this particular case are located in the city of Oakland."). Defendant argues it would suffer "minor inconveniences" if this case was remanded because (1) parties have spent "significant time" conferring on a Joint Report under Federal Rule of Civil Procedure 26(f), the case will be delayed while waiting for it to be re-opened in state court, and record-keeping will be further complicated. *Opp.* 5:19-6:3. Although convenience may weigh slightly in favor of this Court exercising its jurisdiction over Plaintiff's state law claims, the Court finds that the factors of judicial economy and comity weigh more heavily in favor of remand. *See Carnegie-Mellon Univ.*, 484 U.S. at 350 n. 7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state law claims.").

Having considered all of the pertinent factors, the Court holds that the scale tips in favor of remand.

IV.   Conclusion

Thus, for the foregoing reasons, the Court GRANTS Plaintiff's motion to remand.

**IT IS SO ORDERED.**